

# THE ATTORNEY GENERAL

## OF TEXAS

AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

December 5, 1969

Honorable Larry Miller
County Attorney
Hunt County
Greenville, Texas

Opinion No. M-534

Re: Whether the commissioners
court has the power to de-
termine whether a road is,
or is not, a county road;
has, or has not, been aban-
doned under Article 6703a;
and whether it may order the
removal of an obstruction
from a road, the public nature
of which is in doubt.

Dear Mr. Miller:

In your request for opinion you asked the following questions:

(1) "Does the Commissioner's Court have the power
to determine whether or not a road is a county
road?

(2) Does the Commissioner's Court have the power to
determine whether or not a road has been aban-
doned under Vernon's Revised Civil Statutes,
Article 6703a?

(3) Does the Commissioner's Court have the power to
order the removal of an obstruction from a road
which has not been closed by a petition under
Article 6705 of the Revised Civil Statutes of
Texas?"

A general statement of the law applicable to all three ques-
tions is set out in the following quotation:

"Although the commissioners' court, as the active
governing body of the county, has jurisdiction
touching in some respect almost every feature
of the county's business, its power extends only
to such business of the county as is entrusted to

-2542-

it by the constitution or statute. In other words, the jurisdiction of the commissioners' court over the county business is not general and all-inclusive, but is limited to matters or powers specifically covered by the constitution and statutes. The court does not have general police powers. Moreover, it must conform to the statutory mode prescribed for the exercise of its powers." 15 Tex.Jur.2d, 261, Counties, Sec. 35, and cases there cited.

Article 2351, Vernon's Civil Statutes, in part provides that:

"Each commissioners court shall:

. . .

"3.    Lay out and establish, change and discontinue public roads and highways.

. . .

"6.    Exercise general control over all roads, highways, ferries and bridges in their counties.

. . .

"15. Said court shall have all such other powers and jurisdiction, and shall perform all such other duties, as are now or may hereafter be prescribed by law."

Article 6703, V.C.S., in part, provides that:

"The commissioners court shall order the laying out and opening of public roads when necessary, and discontinue or alter any road when it shall be deemed expedient...."

Statutes immediately following Article 6703, supra, spell out the details to be followed thereunder.

No specific constitutional or statutory provisions have been located which would grant to the commissioners court the power to make the judicial determination respecting the rights of persons in real property which would be involved in the determination of whether any given area of land is or is not presently burdened with a public right of passage. The district courts have exclusive

original jurisdiction in such matters. Article 1906, Sec. 4, V.C.S.

If the commissioners court, acting in the interest of the general public, and not simply as an enforcer of a private right, determines that a road is a public road, then in its exercise of general control over such road, it has the power, and it is duty bound, to order the removal of an obstruction therefrom. If the court is correct in its initial determination its order may be enforced by appropriate civil or criminal actions.

If the commissioners court determines a public interest in such road remaining open to public passage, and is of the opinion that such road is a public road, but does not desire to act at its peril, as the action above set out would require, it may seek the prior determination by the district court as to the public nature of the road.

Your questions are approached upon the premise that no action by the commissioners court is anticipated under the provisions of Sec. 3 of Article 2351, authorizing the commissioners court to "discontinue" public roads, or under Article 6703, et seq, authorizing the "laying out and opening of public roads".

If the commissioners court is uncertain as to the status of a road because an individual's private property rights are involved, and such question is of personal rather than of public interest, then it is a question with which the commissioners court should not concern itself, and a question which this office would be forbidden to attempt to answer by reason of Article 4399, Vernon's Civil Statutes. The questions are approached solely on the basis of the powers of the commissioners court without regard to the property rights of the landowners involved.

It is the opinion of this office that the answer to your first question is that the commissioners court has the power to make an administrative determination, but is powerless to make a judicial determination, as to whether a road is, or is not, a public road; such administrative decision serving only as a foundation upon which the commissioners court may base its action or inaction in the matter.

It is the opinion of this office that the answer to your second question is that the commissioners court has the power to make an administrative determination, but is powerless to make a judicial determination, as to whether a road has, or has not, been abandoned under the terms of Article 6703a, such administrative decision serving only as a foundation upon which the commissioners court may base its action, or inaction, in the matter.

Honorable Larry Miller, page 4 (M-534)

It is the opinion of this office that the answer to your third question is that whether the commissioners court does, or does not, have the power to order the removal of an obstruction from a road is determined by whether the road is, or is not, in fact, a county road; if it is a county road the court has such power, if it is not a county road the court has no such power; any such administrative determination by the commissioners court, either way, serves only as a foundation upon which the commissioners court may base its action, or inaction, in the matter.

The commissioners court may make an administrative determination, but is powerless to make a judicial determination as to whether a road is, or is not, a county road, or whether a road has, or has not, been abandoned under Article 6703a, V.C.S., and whether a road is, in fact, a county road determines whether the commissioners court has the power to order the removal of an obstruction therefrom. Any administrative determinations as to such status by the commissioners court serves only as a foundation upon which the commissioners court may base any action or inaction thereon.

Very truly yours

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Harold G. Kennedy
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
George Kelton, Vice-Chairman
Malcolm Quick
Z. T. Fortescue
Jack Goodman
John Banks

MEADE F. GRIFFIN
Staff Legal Assistant

NOLA WHITE
First Assistant